**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **MICHELLE DARE,** | ) | |
| | ) | |
| **Plaintiff/Counter-Defendant,** | ) | |
| | ) | |
| **vs.** | ) | **Civil Action No. 25-00526-KD-M** |
| | ) | |
| **HUNTER SCOTT FREEMAN, and UNITED RENTALS (NORTH AMERICA), INC.,** | ) | |
| | ) | |
| **Defendants/Counterclaimants.** | ) | |

# ORDER

This action is before the Court on Motion for Leave to File Third-Party Complaint against Direct Auto Insurance Company filed by Plaintiff/Counter-Defendant Michelle Dare (doc. 25) and the proposed Third-Party Complaint (doc. 26). Defendants Hunter Scott Freeman and United Rentals (North America), Inc., do not oppose Dare's motion (doc. 30, n.1).

I. Background

Dare alleges that her vehicle and a vehicle operated by Freeman were involved in a motor vehicle collision and that the vehicle operated by Freeman was owned by and operated on behalf of United Rentals. Dare filed her complaint against Freeman and United Rentals in the Circuit Court of Mobile County, Alabama. She alleged negligence and wantonness against Freeman and negligent/wanton entrustment and respondeat superior against United Rentals. Dares seeks compensatory damages "in an amount in excess of $500,000.00" and punitive damages.

The action was removed to this Court on basis of diversity jurisdiction. Dare is a citizen of Alabama, Freeman is a citizen of Mississippi, and United Rentals is a citizen of Connecticut and Delaware.

After removal, United Rentals filed a counterclaim against Dare. United Rentals alleges negligence/wantonness (Count One) and trespass (Count Two) against Dare.

Dare now seeks leave to file a third-party complaint against Direct Auto pursuant to Fed. R. Civ. P. 14(b). [1] Dare claims that Direct Auto is her insurer and that it owes a duty of defense and indemnification.

II. Analysis

Rule 14(b) provides that when a claim is asserted against the plaintiff, such as here – United Rentals has filed a counterclaim against Dare – Dare may implead Direct Auto, if Rule 14 "would allow a defendant to do so." Fed R. Civ. P. 14(b). In relevant part, pursuant to Rule 14(a), a "defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it." Fed. R. Civ. P. 14(a)(1). Because Dare's motion was filed more than 14 days after she filed her original answer to the counterclaim (doc, 16), she must obtain the Court's leave. In support of her motion, Dare alleges that Direct Auto may be liable to her for the counterclaims asserted against her.

This action was removed from the state court on basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)[2] (doc. l). Thus, jurisdiction is based solely upon Section 1332. In that circumstance, pursuant to 28 U.S.C. § 1367(b)

> (b) In any civil action of which the district courts have original jurisdiction founded solely on section 1332 of this title, the district courts shall not have supplemental jurisdiction under subsection (a) over claims by plaintiffs against persons made parties under Rule 14, … of the Federal Rules of Civil Procedure, … when exercising supplemental jurisdiction over such claims would be inconsistent with the jurisdictional requirements of section 1332.

---

[1] "(b) When a Plaintiff May Bring in a Third Party. When a claim is asserted against a plaintiff, the plaintiff may bring in a third party if this rule would allow a defendant to do so." Fed. R. Civ. P. 14(b).

[2] "(a) Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties."

28 U.S.C. § 1367(b).

The statute has been interpreted to mean that original plaintiffs,[3] such as Dare, who implead a third-party defendant may do so only if the impleader would not defeat complete diversity, i.e., the plaintiff is diverse from all defendants. Amason & Assoc., Inc. v. Core Tuscaloosa 519-611 Red Drew LLC, 472 F. Supp. 3d 1116 (N.D. Ala. 2020) ("Amason, an Alabama Citizen, [and counterclaim defendant to Core's counterclaim] has impleaded numerous subcontractors, of whom many are also Alabama citizens. As a result, Amason's impleader would defeat complete diversity in this action") (parties did not dispute that the amount in controversy was met); see also Pointe Orlando Dev. Co. v. Central Fla. Waterproofing, Inc., 2020 WL 10457750, at *1 (M.D. Fla. June 15, 2020) ("When a third party complaint is brought under § 1332, the Court must be sure the citizenship of the parties is completely diverse and the amount in controversy exceeds $75,000.").

However, review of the Motion and the proposed Third-Party Complaint shows that Dare did not allege the citizenship of Direct Auto or the amount in controversy between Dare and Direct Auto in her jurisdictional allegations. Accordingly, Dare is **ORDERED** to file on or before **October 16, 2026,** an Amended Motion and a proposed Amended Third-Party Complaint which comply with this Order.

**DONE** and **ORDERED** this 1st day of October 2026.

**s / Kristi K. DuBose**
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**

[3] PTA-FLA, Inc. v. ZTE USA, Inc., 844 F.3d 1299, 1311 (11th Cir. 2016) (joining sister circuits in finding that "'claims by plaintiffs' in § 1367(b) refers to claims by only the original plaintiffs to the action …"); Rellim Contracting LLC v. Kinsale Insurance Company, 2026 WL 575099, at *1, n.2 (M.D. Fla. Mar. 2, 2026) ("Kinsale brings a counterclaim against Rellim …, so Rellim's third-party action is proper.") (quoting Fed. R. Civ. Proc. 14(b)).